### HARDEMAN et al. v. REYNOLDS; et vice versa.

1. The statute embraced in section 4126 of the Civil Code, providing that title to cotton, corn, and certain other specified products sold by planters and commission merchants on cash sale does not pass until the articles sold are paid for, is not unconstitutional on the ground that it is special legislation, or that it denies the equal protection of the laws, in violation of the provisions of the Federal and State constitutions.

2. An amendment to the petition, alleging that the defendants were commission merchants engaged in the business of selling cotton for their customers on commission, and that they were therefore engaged in the same business as the plaintiff and were in the same class and entitled to the protection of the same laws, should have been stricken upon demurrer.

3. The demurrer raising the question as to misjoinder of parties was properly overruled.

Nos. 1322, 1323. JANUARY 14, 1920.

Equitable petition. Before Judge Park. Greene superior court. January 22, 1919.

D. H. Reynolds brought suit against B. F. Hardeman, C. H. Phinizy, the firm of Hardeman & Phinizy, M. L. Echols, and A. F. Durham, alleging, that he was a planter and commission merchant, was the owner of a farm or farms in Greene county, was engaged in the raising of cotton and other products thereon, and was engaged in the business of selling cotton and charging his customers a commission therefor; that B. F. Hardeman and C. H. Phinizy were commission merchants in the city of Athens, Georgia, doing business under the style of Hardeman & Phinizy; that M. L. Echols and A. F. Durham were partners buying and selling cotton in Greene county and adjoining counties, trading under the name of M. L. Echols; that A. F. Durham was engaged in the banking business at Woodville in Greene county, being a private banker doing business under the style of A. F. Durham, Banker, or the Bank of Woodville; that on February 20, 1918, the plaintiff sold to M. L. Echols on cash sale three square bales of cotton with certain weights and marks; that Echols gave to the plaintiff, in payment of said cotton, a check upon the Bank of Woodville for $460, payment of which had been refused by said bank and by Durham; that the value of said cotton was $690, and the title to it had never passed from him; that Hardeman & Phinizy, on March 1, 1918, had knowledge of sufficient facts to put them on notice that the check given in payment of said cotton would be dishonored; that immediately after Echols had obtained possession of said cotton he shipped it over the Georgia Railroad to Hardeman & Phinizy; and that on March 2, 1918, petitioner had demanded of all of said defendants possession of the cotton, which had been refused. To the petition the defendants filed general and special demurrers, which were overruled, and they excepted.

*Erwin, Erwin & Nix* and *Samuel H. Sibley,* for plaintiffs in error.

*Holden, Jennings & Holden* and *Davison & Lewis,* contra.

BECK, P. J. (After stating the foregoing facts.)

1. The general demurrer, which goes to the essence of the case, attacks on constitutional grounds the statute embodied in section 4126 of the Civil Code, which declares that the title to cotton, corn, and certain other specified products sold by planters and com-

mission merchants on cash sale does not pass until the articles sold are paid for. This is attacked upon the ground that it is special legislation, that it denies the equal protection of the laws, and is therefore violative of the provisions in the Federal and State constitutions rendering such laws invalid. The alleged invalidity of this statute was under consideration in the case of *National Bank of Augusta* v. *Augusta Cotton & Compress Co., 104 Ga.* 403 (30 S. E. 888), and there it was decided adversely to the plaintiffs in error who are raising the same question. Leave is asked to review the decision just referred to, and we are requested to reverse the ruling there made. That decision was rendered by a full bench of six Justices, and the majority of the court as now constituted are of the opinion that the ruling there made should stand. We recognize the fact that this is a close question, and we have carefully examined the numerous authorities cited in the elaborate briefs of the counsel for both parties; and while the doubt in regard to the constitutionality of the statute has not been cleared away, we apply the doctrine laid down in such cases, of resolving the doubt in favor of the constitutionality of the law.

2. In an amendment to the petition the plaintiff alleged that the defendants during the years 1917 and 1918, a period covering the transactions involved in this case, were commission merchants engaged in the business of selling cotton for their customers on commission, and that they were therefore engaged in the same business as the plaintiff and were in the same class and entitled to the protection of the same laws. This was demurred to as immaterial and irrelevant. This demurrer should have been sustained, and the court erred in overruling it. The fact that the defendants themselves were commission merchants and might in their transactions be benefited by the law now attacked as unconstitutional did not in any way deprive them of the privilege of attacking the law in the present case, which involved a transaction where they belong exclusively to the class adversely affected by the law, and injuriously affected by it if were unconstitutional. The theory upon which the plaintiff sought to uphold this amendment is unsound. But while the court erred in overruling the demurrer to the amendment, the judgment overruling the general demurrer will not be disturbed; for the allegations contained in the amendment, in view of the ruling upholding the constitutionality of the

statute embraced in section 4126 of the Civil Code, are immaterial, and do not affect the result of the case. They should have been stricken from the petition, and direction is given that this be done.

3. The court properly overruled the demurrer based on misjoinder of parties, after having eliminated paragraphs 14, 15, and 16 of the petition, which charged the defendant Durham with holding a specified check payable to the plaintiff, for an unnecessary and unreasonable length of time before it was returned to the plaintiff as dishonored.

*Judgment affirmed on the main bill of exceptions. Cross-bill of exceptions dismissed. All the Justices concur.*